**SO ORDERED.**

**SIGNED this 13 day of November, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

**IN RE:**

    **OLD TOWNE, LLC,**
               Debtor.                             Case No. 08-07170-8-JRL

    **EASTWOOD CONSTRUCTION CO., INC.,**    Adversary Proceeding No.:
               Plaintiff,                             08-00219-8-AP

**v.**

    **OLD TOWNE, LLC
    LANDCRAFT PROPERTIES, INC. and
    LANDCRAFT MANAGEMENT, LLC,**
               Defendants.

_____

### ORDER

This case is before the court on the motion for a preliminary injunction filed by Eastwood Construction Co., Inc. ("Eastwood"). On October 31, 2008, the court conducted a hearing on this matter in Raleigh, North Carolina.

### BACKGROUND

On October 9, 2008, Eastwood filed a complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, against Old Towne, LLC ("Old Towne"), Landcraft

Properties, Inc., and Landcraft Management, LLC ("Landcraft") (collectively, the "Defendants"), seeking an injunction directing Defendants to withdraw their presentment of a letter of credit to Branch Banking and Trust Co. ("BB&T") and enjoining Defendants from receiving funds from BB&T. Old Towne filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 15, 2008. On the following day, this action was removed to the United States Bankruptcy Court for the Western District of North Carolina and subsequently transferred to this court.

Eastwood is a home builder and real estate development company with its principal place of business in Mecklenburg County, North Carolina. Eastwood contracts with developers to purchase finished lots in new residential subdivisions, builds homes on these lots, and then sells them. Eastwood typically contracts to purchase, or "take down," the lots pursuant to a specified schedule. Landcraft is a limited liability company that operates out of Mecklenburg County, North Carolina. Landcraft develops residential real estate subdivisions through various wholly-owned limited liability companies. Old Towne is a limited liability company located in Mecklenburg County, North Carolina.

On November 18, 2004, Eastwood and Landcraft entered into a contract to develop the Old Towne subdivision in Forsyth County, North Carolina. Landcraft subsequently assigned this contract to Old Towne. The contract requires Old Towne to transfer lots with good title to Eastwood on a specific take-down schedule. If Old Towne fails to deliver good title and fails to cure this defect within 60 days of written notice, the contract allows Eastwood to terminate and cancel its obligations.

Pursuant to the contract, Eastwood provided Old Towne with good faith cash deposits

totaling $273,585.00 and a stand-by letter of credit drawn on BB&T also in the amount of $273,585.00. The letter of credit was subsequently reduced to $136,792.50 after the thirty-first lot closing. The purpose of the letter of credit is to secure performance by Eastwood. In the event Eastwood fails to honor its obligations under the contract, Old Towne can present the letter of credit to BB&T for payment. In addition to cash deposits and a letter of credit from Eastwood, Old Towne obtained funding from Bank of North Carolina and individual investors. To date, Eastwood has purchased 40 lots in the subdivision.

In April 2008, Investors Title Insurance Company ("Investors Title"), the title insurance company for Eastwood, received notice of liens and potential liens on the Old Towne subdivision. As a result, Investors Title began requiring that Landcraft provide accounts payable information as a condition to issuing title policies for Old Towne lots. Depending on the information provided, Investors Title also reserved the right to require lien waivers from the contractors to whom accounts payable were due. Landcraft complied with these disclosure requirements initially but by mid-June was no longer providing adequate information to Investors Title.

After learning that Landcraft stopped providing required information to Investors Title, Eastwood delivered a notice of termination to Landcraft, dated June 25, 2008. Subsequent to this termination notice, Eastwood and Landcraft negotiated a revised take-down schedule and drafted a term sheet reflecting the parties' revisions. However, the parties never signed the term sheet. Following these settlement discussions, Eastwood indicated that it was rescinding its prior termination notice.

On June 26, 2008, ECS Carolinas, LLP ("ECS Carolinas"), filed liens on all lots in the Old Towne subdivision in the total amount of $5,308.00. On September 23, 2008, Eastwood informed

Defendants that they were in default as a result of the June 26, 2008 lien filing and had 60 days to cure the lien. On October 7, 2008, Defendants presented the letter of credit to BB&T for payment. After learning of Defendants' presentation to BB&T, Eastwood filed this action seeking a preliminary injunction.

## **DISCUSSION**

Under Revised Article 5 of the Uniform Commercial Code, as enacted in North Carolina, if an applicant claims that honoring the presentation of a letter of credit "would facilitate material fraud by the beneficiary on the issuer or applicant," a court may enjoin the issuer from honoring the presentation only if it finds that:

(1) The relief is not prohibited under the law applicable to an accepted draft or deferred obligation incurred by the issuer;

(2) A beneficiary, issuer, or nominated person who may be adversely affected is adequately protected against loss that it may suffer because the relief is granted;

(3) All of the conditions to entitle a person to the relief under the law of this State have been met; and

(4) On the basis of the information submitted to the court, the applicant is more likely than not to succeed under its claim of forgery or material fraud and the person demanding honor does not qualify for protection under subdivision (a)(1) of this section.

N.C. GEN. STAT. § 25-5-109(b). Presentment of a letter of credit constitutes material fraud "only when the beneficiary has no colorable right to expect honor and where there is no basis in fact to support such right to honor." Id. at 109(b), Official Comment 1. Thus, the standard for injunctive relief is high, and the burden falls on the applicant to show that such relief is warranted. Id., Official

4

Comment 4.

Eastwood asserts that Defendants are prohibited from presenting the letter of credit to BB&T because the preconditions to payment have not been satisfied. According to its terms, the letter of credit may not be presented for payment absent default by Eastwood on its obligations under the contract, including a failure to purchase lots tendered by Old Towne. Eastwood argues that presentment is improper because it is not in default. Rather, Eastwood alleges that Old Towne has breached the contract by failing to cure the liens filed by ECS Carolinas.

In addition, Eastwood asserts that a preliminary injunction is necessary because Defendants acted fraudulently by falsely representing to BB&T that Eastwood failed to perform under the contract. Eastwood claims that its termination letter was ineffective based on subsequent negotiations between the parties and a term sheet modifying the parties' obligations. Eastwood further argues that Old Towne did not consider Eastwood's termination notice to be effective because Old Towne lists the contract with Eastwood as executory in its bankruptcy schedules.

Conversely, Defendants argue that they are entitled to present the letter of credit for payment because Eastwood terminated the contract without justification. Specifically, Defendants contend that Eastwood's termination notice resulted in a breach of Eastwood's obligation to take down lots. Defendants further argue that presentment of the letter of credit to BB&T is warranted because Eastwood's notice of termination extinguished Old Towne's obligations under the contract. Defendants contend that discussions held subsequent to Eastwood's termination did not result in a mutual agreement to rescind the contract and that the term sheet is ineffective because it was never signed by the parties. Finally, Defendants claim that although Old Towne listed the contract as executory in its schedules in the interest of full disclosure, its obligations under the contract ceased

upon Eastwood's termination notice.

The issue before the court is whether Eastwood is entitled to a preliminary injunction as to Defendants' letter of credit. Letters of credit are powerful commercial instruments that generally work independently of underlying contracts between the parties. See O'Grady v. First Union Nat'l Bank, 296 N.C. 212, 232, 250 S.E.2d 587, 600 (1978). Pursuant to North Carolina law, Eastwood must establish several elements before the court may enjoin the presentment of a letter of credit. N.C. GEN. STAT. § 25-5-109(b). Of these elements, it is most significant in the case at bar that Eastwood must show that presentment of the letter of credit would facilitate a material fraud against Eastwood or BB&T. Id. at 109(b)(4). Eastwood has failed to persuade the court that Defendants' presentment of the letter of credit to BB&T was materially fraudulent. Rather, both parties have alleged a breach of contract, with viable theories asserted by each. Defendants assert that they were in complete compliance with the contract on June 25, 2008, when Eastwood acted to terminate the contract. In contrast, Eastwood asserts that all parties agreed to a rescission and went ahead as if the contract was in place, and the debtor subsequently breached it. While either of these theories may prevail at trial, it is not enough to show that Defendants have no colorable right to an honoring of the presentment of the letter of credit.

Based on the foregoing, the court DENIES Eastwood's motion for a preliminary injunction. Pursuant to Defendants' request at hearing, proceeds from the letter of credit must be placed in escrow under terms to be outlined either in a consent order submitted by the parties, or if the parties fail to submit such consent order, in a separate order of the court.

"END OF DOCUMENT"